CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 31 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KIA NICOLE MANNING, | |
| Plaintiff, | Criminal Action No. 7:12cr42 |
| v. | 2255 MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | By: Samuel G. Wilson |
| | United States District Judge |
| Defendant. | |

Plaintiff Kia Nicole Manning brings this motion pursuant to 28 U.S.C. § 2255, seeking to set aside or correct the 151-month sentence the court imposed following Manning's guilty plea to a conspiracy to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A) and money laundering, in violation of 18 U.S.C. § 1956. Manning claims the court increased her sentence improperly by not submitting certain factual matters to a jury. The court denies Manning's motion.

I.

On May 24, 2002, a grand jury indicted Manning on multiple counts. On November 28, 2012, Manning entered into a written plea agreement with the government, pursuant to Federal Rule of Criminal Procedure 11. The plea agreement called for Manning to plead guilty to counts one (a conspiracy to distribute marijuana) and two (a conspiracy to commit money laundering) of the indictment and, in doing so, to "stipulate there [was] a sufficient factual basis to support each and every material factual allegation contained within the charging document(s)." (ECF No. 203 at 11) The court conducted a Rule 11 plea colloquy in which it advised Manning of the nature of the charges and the effects of pleading guilty, including the potential sentence applicable to each

count. (Id. at 1) The court specifically apprised Manning that count one was subject to a mandatory minimum of 10 years and a maximum term of life and that count two was subject to a maximum term of 20 years. The court found that her guilty plea was a knowing and voluntary plea and accepted it. A presentence report was then prepared. According to the report, Manning had a guideline range of 151 to 188 months, and on March 4, 2013, the court sentenced Manning to 151 months on each count (to be served concurrently).

II.

Manning claims that the court engaged in judicial fact-finding in contravention of Alleyne v. United States, 133 S. Ct. 2151 (2013), which was decided after the court sentenced Manning. Manning misreads Alleyne, and the court denies her motion. (See ECF No. 395 at 2-3) The court finds that Manning's arguments are without merit.

Prior to Alleyne, the Court held in Harris v. United States, 536 U.S. 545 (2002) and McMillan v. Pennsylvania, 477 U.S. 79 (1986), that "facts increasing a mandatory minimum sentence could be decided by a judge at sentencing rather than a jury." Alleyne overruled both Harris and McMillan and held that such facts are instead elements that "must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. The Court reasoned that facts increasing a mandatory minimum must be found by a jury because they "alter the prescribed *range* of sentences to which a defendant is exposed." Alleyne, 133 S. Ct. at 2158 (emphasis added). This, however, "does not mean that any fact that influences judicial discretion must be found by a jury." Id. at 2163. Facts that do not alter the statutory maximum and minimum but only affect the amount of punishment within the applicable range are sentencing factors a court may consider in its discretion. See 133 S. Ct. at 2163 (quoting Apprendi v. New Jersey, 530 U.S.

466, 481, (2000)) ("nothing in [common law] history suggests that it is impermissible for judges to exercise discretion . . . in imposing a judgment *within the range* prescribed by statute") (emphasis in original). Further, when a defendant pleads guilty, the guilty plea serves as an admission of all the elements and material facts alleged in the indictment for purposes of applying the appropriate statutory range and for sentencing within that range. United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (quoting United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003) (A guilty plea serves as "an *admission of all the elements* of a formal criminal charge and constitutes an *admission of all material facts alleged* in the charge.") (emphasis added).

Here, as the court concluded before accepting Manning's plea, Manning knowingly and voluntarily pleaded guilty to counts one and two. Count one had, as Manning understood when she pled, a mandatory minimum of 120 months and was subject to a maximum of life, and count two was subject to imprisonment up to 20 years. Because the 151 month sentence the court imposed was both within the range of punishment for the offenses detailed in the indictment and consistent with Manning's knowing and voluntary plea, it in no manner conflicted with the Supreme Court's later pronouncement in Alleyne.[1]

---

[1] In addition, Alleyne is not retroactively applicable to cases on collateral review. A plaintiff who collaterally attacks his or her conviction on the basis of a new rule of criminal procedure must establish that the change applies retroactively. Miller v. United States, 2013 WL 4441547, at *3 (4th Cir. Aug. 21, 2013) (citing Bousley v. United States, 523 U.S. 614, 620 (1998)). Generally, new rules of criminal procedure do not apply retroactively. Summerlin, 542 U.S. at 352. Only certain watershed rules of criminal procedure will be given retroactive effect. A watershed rule of criminal procedure is one that is necessary to both fundamental fairness and the accuracy of the criminal proceeding and one "without which the likelihood of an accurate conviction is *seriously* diminished." Teague, 489 U.S. at 312-13 (emphasis added).
Here, Manning pleaded guilty to all facts required for conviction under count one. Manning was fully apprised that, by pleading guilty to this charge, a mandatory minimum imprisonment of ten years would be imposed. Accordingly, there was no risk that the likelihood of an accurate

III.

For the reasons stated, the court denies Manning's motion pursuant to 28 U.S.C. § 2255.

**ENTER**: October 31, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

conviction was seriously diminished. A new rule requiring that all facts be found by a jury prior to the imposition of a mandatory minimum need not apply retroactively where a defendant pleads guilty. See United States v. Stewart, 2013 WL 5397401, at *1 n.* (4th Cir. Sept. 27, 2013) (noting that Alleyne "has not been made retroactively applicable to cases on collateral review").