CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:12-cr-00042-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KIA NICOLE MANNING, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

The court sentenced Kia Nicole Manning in March 2013, and she did not appeal. Presently before the court are Manning's three motions seeking to reduce her sentence pursuant to 18 U.S.C. § 3582(c). For the following reasons, these three motions are **DENIED**.

In the first motion, Manning requests "a modification of [her] sentence pursuant to 18 U.S.C. § 924(e)(2)(B)(ii)[,] the new guideline amendment to the United States Sentencing Guidelines[.]" However, no such retroactive amendment applies to that code section, and the first motion (ECF No. 507) is **DENIED**.[1]

In the second motion, Manning requests that her sentence be reduced "in regards to Amendment 794."[2] Although Amendment 794 has been held to apply retroactively to cases on direct review, Manning does not provide authority suggesting it applies retroactively after her time to pursue a direct appeal had expired. See, e.g., U.S.S.G. § 1B1.10(d); United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016). Accordingly, the second motion (ECF No. 515) is **DENIED**.

In the third motion, Manning files her "second attempt" to reduce her sentence pursuant to Amendment 782. The court had already granted her first request on May 27, 2016, and reduced her sentence from 151 months to 121 months' imprisonment. Accordingly, the third motion (ECF No.

---

[1] The court had construed the request as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, Manning did not consent to that construction, and consequently, the court will not treat the motion as pursuant to § 2255. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003).

[2] Amendment 794 concerns the commentary to United States Sentencing Guideline § 3B1.2 about being a "minor participant" in criminal activity.

518) is **DENIED as moot**.[3]

The Clerk shall **SEND** a copy of this Order and the Order entered on May 27, 2016, to Manning.

It is so **ORDERED**.

ENTER: This 9th day of September, 2016.

/s/ Michael F. Urbanski
_____
United States District Judge

---

[3] To the extent Manning is asking the court to reconsider the Order granting relief under Amendment 782, the court lacks jurisdiction to do so. See, e.g., United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010).

2